## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ONWY C. UZOIGWE,** | |
| *Plaintiff*, | |
| v. | **Civil No.: 1:23-cv-03489-JRR** |
| **VERIZON MARYLAND LLC,** *et al.*, | |
| *Defendant*. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Onwy C. Uzoigwe initiated action against Defendants Verizon Maryland LLC ("Verizon"), Jeffrey S. Douglas (collectively, "Verizon Defendants"), as well as Communication Workers of America Local 2100 ("CWA"), in the Circuit Court for Howard County on November 19, 2023.  (ECF No. 1-3.)  Verizon Defendants, with the consent of CWA, removed the action to this court on December 22, 2023.  (ECF No. 1.)  On December 29, 2023, Verizon Defendants filed their Motion to Dismiss Plaintiff's Complaint (ECF No. 8; "Verizon Defendants' Motion to Dismiss").  Nineteen (19) days later, on January 17, 2024, Plaintiff filed his Motion for Leave of Court to File First Amended Complaint and Join Alfred Christian as Defendant (ECF No. 16; "Motion for Leave to File First Amended Complaint"), which all Defendants opposed.  (ECF Nos. 22, 23.)  CWA then filed its Motion to Dismiss Plaintiff's Complaint (ECF No. 20; "CWA's Motion to Dismiss") on January 26, 2024.  Additional related motions practice followed, including: Plaintiff's Motion for Leave of Court to File Surreply to the Verizon Defendants' Joint Motion to Dismiss (ECF No. 30); Plaintiff's Motion for Leave of Court to File Memorandum Exceeding Court's Maximum Number of Pages (ECF No. 34), which seeks to file a motion to strike insufficient defenses from Verizon Defendants' Motion to Dismiss; and Plaintiff's Motion to Strike CWA Local 2100's Insufficient Defenses from CWA's Motion to Dismiss (ECF No. 37).

Also since initiation of suit, Verizon filed a Notice of Death as to Mr. Douglas (ECF No. 45), and Plaintiff filed his Motion Requesting Substitution of the Proper Party (ECF No. 46; "Motion to Substitute Party").   The court addresses all of these papers herein.

## I.    MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1).  Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(3).  While Plaintiff identified Rule 15(a)(2) as the basis for his Motion for Leave to File First Amended Complaint (ECF No. 16), and Defendants subsequently opposed the motion on that basis, Plaintiff was not required to seek leave of the court to amend his complaint pursuant to Rule 15(a)(1)(B).  Plaintiff sought leave to amend his complaint 19 days after Verizon Defendants filed their Motion to Dismiss and before CWA filed its Motion to Dismiss.  (ECF No. 16.)  At the time of Plaintiff's filing, he was permitted under Rule 15(a)(1) to amend his complaint without leave of the court.  The fact that Plaintiff, a *pro se* party, mistakenly sought leave to amend per Rule 15(a)(2) is of no consequence, as he was entitled to amend "as a matter of course" pursuant to the Federal Rules.  *See  Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (reciting the well-known principle that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)).  The court will therefore grant Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 16) pursuant to Rule 15(a)(1).

## II.     MOTION TO SUBSTITUTE PARTY

On May 15, 2024, Verizon Defendants' counsel filed a Notice of Death (ECF No. 45), alerting the court to the death of Mr. Douglas on March 6, 2024.  Verizon Defendants' counsel served the Notice upon "the registered participants as identified on the Notice of Electronic Filing." (ECF No. 45 at p. 2.)  That same day, Plaintiff filed his Motion to Substitute, asking that "Mr. Douglas' representative join Mr. Douglas' estate to this matter as Plaintiff's claims against him have not been, and will not be, extinguished."  (ECF No. 46.)  Verizon Defendants oppose the motion, arguing that Mr. Douglas' estate is not a proper party under Rule 25.[1]  (ECF No. 48 at p. 2 (citing *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 287 (E.D.N.Y. 2012)).

Under Federal Rule of Civil Procedure 25(a),

> (1) *Substitution if the Claim Is Not Extinguished*.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. . . .

> (3) *Service*.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner.  Service may be made in any judicial district.

FED. R. CIV. P. 25(a).  The court may thus order substitution of a party upon a timely motion so long as the claim is not extinguished and the substituted party is a proper party.  *Id.*  At issue here, Verizon Defendants have challenged Plaintiff's Motion to Substitute Party on the grounds that Mr. Douglas' estate is not a proper party.[2]

---

[1] Defendants also assert that substitution should be disallowed because Plaintiff fails to state a claim upon which relief can be granted against Mr. Douglas.  (ECF No. 48 at p. 3.)  Such argument is more properly addressed by way of a substantive motion.

[2] In Maryland, "[i]t is well-settled . . . that a cause of action at the time of death survives the death of a person." *Ringdahl v. Afsharjavan*, No. 8:18-CV-01006-PX, 2020 WL 2795358, at *3 (D. Md. May 29, 2020), *aff'd sub nom.*

Rule 25(a) "directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period, for the rule seeks 'to assure the parties to the action and other concerned persons of notice of the death so that they may take appropriate action to make substitution for the deceased party.'" *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). Just as a motion to substitute must be served on nonparties in accordance with Rule 4, "[t]he Fourth Circuit requires personal service of the suggestion of death on a deceased party's successor or representative." *State Farm Life Ins. Co. v. Eckert*, No. CV DKC 18-3078, 2019 WL 4060015, at *2 (D. Md. Aug. 28, 2019) (footnote omitted) (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985)). *See Williams v. Bd. of Educ. of Prince George's Cnty.*, No. CV CBD-19-1733, 2020 WL 3129014, at *2 (D. Md. June 11, 2020) (providing that "[t]he Fourth Circuit has stated that personal service of the suggestion of death on a deceased party's successor or representative is required."). This court has held that such is the case even when the suggestion of death is filed by a defendant suggesting the death of another defendant:

> Despite the defense's position, Fourth Circuit precedent establishes that the statement of death was improperly served in this case. In *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985), the Court found service of a suggestion of death inadequate to trigger the ninety-day substitution period in Rule 25. Specifically, the Court determined, "Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative." *Id.* at 961. The Fourth Circuit noted that Rule 25's reference to service "on nonparties as provided in Rule 4" evidently refers to the "successors or representatives of the deceased party." *Id.* at 962.
>
> The instant case is factually distinguishable from *Fariss* in that the unserved personal representative in *Fariss* sought substitution as the plaintiff, while here, the appropriate party to substitute is the

---

*Wang v. Afsharjavan*, No. 20-1881, 2022 WL 193187 (4th Cir. Jan. 21, 2022) (citation omitted). *See* MD. CODE ANN., CTS. & JUD. PROC. § 6-401 ("[A] cause of action at law, whether real, personal, or mixed, survives the death of either party.").

> defendant. *See id.* However, the principle behind requiring the party serving the suggestion of death to "shoulder the burden" of identifying and serving the nonparty representative remains the same, regardless of the decedent's role in the litigation. *See id.* The Fourth Circuit's common-sense requirement eliminates the predicament facing [the plaintiff's] counsel in this case, which is the need to rely upon opposing counsel to identify or to provide information about the personal representative of the estate, in order for the case to proceed. . . . [R]equiring counsel to serve the suggestion of death on the personal representative, as the Fourth Circuit required in *Fariss,* eliminates the possibility of other litigants using a party's death to obtain a tactical advantage. *See* 769 F.2d at 961-62.

*Adams v. Sokol*, No. CV SAG-18-2245, 2019 WL 6253245, at *2 (D. Md. Nov. 22, 2019).

The court agrees with Verizon Defendants that an estate, without a personal representative, is not a proper party. *Cf.* MD. CODE ANN., EST. & TRUSTS § 7-401(y)(1) ("A personal representative may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted."); *J. v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 1732622, at *2 (D. Md. May 2, 2016) (same). Although Plaintiff's Motion to Substitute Party is somewhat ambiguous as to whom he seeks to join, it is apparent that the personal representative was neither named nor served. (ECF No. 46.)

Beyond whether Plaintiff sought to substitute a proper party, no one (neither Verizon Defendants nor Plaintiff) asserts that they sought to identify Mr. Douglas' successors or personal representative, or states whether an estate was opened.[3] *See Williams*, 2020 WL 3129014, at *2–3 ("Aside from conducting a Register of Wills search, Defendant did not contend that they tried anything else to determine the existence of any successors. Although Defendant effectuated service on Plaintiff's attorney, service on the attorney alone is not sufficient." (footnote and

---

[3] Plaintiff subsequently filed a "Letter to the Clerk Requesting Signature and Seal of Summons" as to the "representative/successor of [Mr. Douglas]."

citation omitted)).  Further, neither Verizon Defendants nor Plaintiff "discuss[ed] their efforts in effectuating personal service to" Mr. Douglas' successors or representatives. *Id.* at \*3.  The court will thus permit all parties to correct the deficiencies noted herein.

Accordingly, it is this 13th day of June 2024

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 16) shall be, and is hereby, **GRANTED; and Madam Clerk shall docket Plaintiff's First Amended Complaint** at ECF No. 16-1.  Defendants shall respond to the First Amended Complaint in accordance with the applicable federal and local rules; and further it is

**ORDERED** that Verizon Defendants' Motion to Dismiss (ECF No. 8); CWA's Motion to Dismiss (ECF No. 20); Plaintiff's Motion for Leave of Court to File Surreply to the Verizon Defendants' Joint Motion to Dismiss (ECF No. 30); Plaintiff's Motion for Leave of Court to File Memorandum Exceeding Court's Maximum Number of Pages (ECF No. 34), which seeks to file a motion to strike insufficient defenses from Verizon Defendants' Motion to Dismiss; and Plaintiff's Motion to Strike CWA Local 2100's Insufficient Defenses from CWA's Motion to Dismiss (ECF No. 37) shall be, and are hereby, **DENIED as moot**; and further it is

**ORDERED** that **Verizon Defendants' counsel shall serve a copy of its Notice of Death** at ECF No. 45 on the non-party successors or representative of Mr. Douglas in accordance with Rule 4, **and file proof of same** by June 26, 2024; and further it is

**ORDERED** that Plaintiff's Motion to Substitute Party (ECF No. 46) shall be, and is hereby, **DENIED in its current form**.  After Verizon Defendants have filed proof of service as set forth above, Plaintiff may file a renewed motion to substitute party in accordance with Rule 25(a) and this court's order.

Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff and defense counsel of record.

/s/_____

Julie R. Rubin
United States District Judge